# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Diane F., | ) | |
| | ) | |
| | ) | Civil Action No.: 9:20-cv-01901-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 18.) The Report addresses Plaintiff Diane F.'s ("Plaintiff") claim for child's supplemental security income ("SSI") on behalf of her deceased[1] son, S.F.. (*Id.* at 1.) The Report recommends the court affirm the decision of the Commissioner of Social Security Administration ("Commissioner"). (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Report, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-12.) As brief background, on August 13, 2019, the Administrative Law Judge ("ALJ") determined S.F. was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI. (*Id.* at 2.)

---

[1] S.F. was shot and killed on September 30, 2018, a few weeks subsequent to the hearing before the Administrative Law Judge. (ECF No. 18 at 1.) While the court is unable to afford relief to Plaintiff today, it is nonetheless important to acknowledge the gravity of her loss. Every life lost to violence is an immeasurable tragedy, and it is particularly poignant when it involves a child.

The ALJ determined S.F. had the severe impairments of "attention deficit hyperactivity disorder (ADHD) and oppositional defiant disorder (ODD)." (*Id.* at 6.) The ALJ found S.F. "did not have an impairment or combination of impairments that functionally equals the severity of the listings 20 C.F.R. 416.924(d) and 416.926a." (*Id*. at 7.) After conducting a functional equivalency analysis, the ALJ determined that S.F. had a marked limitation in the domain of interacting and relating with others (*id*. at 14-16), a "less than marked limitation" in the domains of acquiring and using information (*id*. at 12-13), attending and completing tasks (*id*. at 13-14), caring for oneself (*id*. at 17-18), and no limitations in the domains of moving about and manipulating objects (*id*. at 16-17) and health and physical wellbeing (*id*. at 18-19). Because S.F. did not have an "extreme limitation" in one domain or "marked limitations" in at least two domains, the ALJ determined he was not entitled to benefits. (*Id*. at 9.)

Thereafter, the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id*. at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review).

Plaintiff filed this action on May 18, 2020 (ECF No. 1) and argued summarily that the ALJ's decision should be overturned because the ALJ "grossly overestimate[d] [S.F.'s] level of functioning and is quite selective in choosing those medical records and school records to which significant weight was afforded." (ECF No. 18 at 7.) Plaintiff did not identify with specificity which findings were in error. (*Id*.)

After reviewing the record, the Magistrate Judge issued the Report and recommended the

Commissioner's decision be affirmed. (ECF No. 18.)

First, the Magistrate Judge noted the ALJ cited every record identified in Plaintiff's statement of facts, with the exception of two records that were not submitted until after the ALJ issued her decision. (*Id*. at 7.)

Next, the Magistrate Judge undertook a review of the record and concluded that "substantial evidence support[ed] the ALJ's finding that the child's 'other impairments, including those related to radial fracture in December 2015, cervical strain after motor vehicle accident in June 2016, head trauma after altercation in February 2017 [were] non-severe impairments because they [were] only slight abnormalities that cause no more than minimal functional limitations.'" (*Id*. at 8.)

Finally, the Magistrate Judge conducted a function-by-function review of S.F.'s impairments to determine whether they functionally equaled the severity of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). The Magistrate Judge noted that "[a] child is entitled to benefits if his severe medical impairment(s) cause 'marked' limitations in two domains or an 'extreme' limitation in one domain." (ECF No. 18 (citing 20 C.F.R. § 416.926a(d)).) In each domain, the Magistrate Judge found substantial evidence supported the ALJ's determination. Moreover, Plaintiff's arguments did not call into question any specific findings within the ALJ's decision. In the domain of acquiring and using information, for example, the ALJ highlighted that several individualized education programs and psychological and consultative examinations had found S.F. to have "average intellectual functioning, intact concentration and pace, and normal memory." (*Id.* at 13.) Considering the domain of attending and completing tasks, the ALJ again determined that S.F. had less than marked limitations, in part due to S.F.'s own testimony that his medications helped him stay focused, and psychological

3

testing which indicated he had "intact concentration and pace and normal memory." (*Id*. at 14.) In the domain of interacting and relating with others, the Magistrate Judge found substantial evidence supported "the ALJ's finding that S.F. had a marked but not extreme limitation." (*Id*. at 16.) While S.F.'s school records demonstrated he was frequently cited for defiant, disruptive and confrontational behavior, other records reflected that he had good relationships with other peers, friends, and family. (*Id*. at 15.) Turning to the domain of "caring for yourself," the Magistrate Judge again found substantial evidence supported the ALJ's finding that S.F. had less than marked limitations in this regard. The ALJ again acknowledged S.F. had repeated infractions for defiant, disruptive and confrontational behavior at school, but found he also had "normal grooming, eye contact and psychomotor activity." (*Id*. at 17-18.) In the domains of moving about and manipulating objects (*id*. at 16-17) and health and physical wellbeing (*id*. at 18-19), the Magistrate Judge found the record supported the ALJ's finding that S.F. had no limitations.

After considering the entire record, the Magistrate Judge was not persuaded that the ALJ had cherrypicked information from the record and concluded substantial evidence supported her findings. (*Id*. at 20.) Therefore, the Magistrate Judge reasoned the ALJ performed an adequate review of the whole record and recommended this court affirm the Commissioner's decision. (*Id.* at 20-21.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id*. at 22.) Neither party objected.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews*

*v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was supported by substantial evidence. (ECF No. 18 at 1-12.) To date, Plaintiff has offered no objections. Because the court discerns no clear error on the face of the Report, it adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **AFFIRMED.**

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 27, 2022
Columbia, South Carolina